CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

09/23/2025

LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

| | | |
|---|---|---|
| **JONATHAN M. MORRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** 5:25cv00100 |
| | ) | |
| **ENERCO GROUP, INC.;** | ) | **JURY TRIAL DEMANDED** |
| **MR. HEATER, INC.;** | ) | |
| **TRACTOR SUPPLY COMPANY;** | ) | |
| **AMERIGAS PROPANE, INC.;** | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff Jonathan M. Morris who moves this Honorable Court for judgment against Defendants Enerco Group, Inc., Mr. Heater, Inc., Tractor Supply Company, AmeriGas Propane, Inc., and Wal-Mart Stores East, LP (hereinafter collectively "Defendants"), jointly and severally, in the sum to be determined by the fact-finder for compensatory damages, the cost of this action, pre-judgment interest from the earliest occurrence giving rise to this action, post-judgment from the time of verdict or judgment, and for such other relief this Court deems just and proper.

## <u>PARTIES</u>

1. Jonathan M. Morris (hereinafter "Plaintiff") is and, at all relevant times, was a citizen and resident of the Commonwealth of Virginia.

2. Defendant Enerco Group, Inc. (hereinafter "Enerco") is an Ohio corporation with its principal place of business in Cleveland, Ohio.

3. Mr. Heater, Inc. (hereinafter "Mr. Heater") is an Ohio corporation with its principal place of business in Cleveland, Ohio.

4. Defendant Tractor Supply Company (hereinafter "Tractor Supply") is a Delaware stock corporation with a principal place of business in Brentwood, Tennessee.

5. Defendant Tractor Supply is registered to do business in the Commonwealth of Virginia and has appointed a registered agent for service in Virginia located at 100 Shockoe Slip Fl 2, Richmond, Virginia 23219.

6. Defendant AmeriGas Propane, Inc. (hereinafter "AmeriGas") is a Pennsylvania corporation with a principal place of business located in Pennsylvania.

7. Defendant AmeriGas is registered to do business in the Commonwealth of Virginia and has appointed a registered agent for service in Virginia located at 4701 Cox Rd., Ste 285, Glen Allen, VA, 23060.

8. Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart") is a Delaware limited partnership and is a citizen of Delaware and Arkansas for jurisdictional purposes.

9. Defendant Wal-Mart is registered to do business in the Commonwealth of Virginia and has appointed a registered agent for service in Virginia located at 4701 Cox Rd., Ste 285, Glen Allen, VA, 23060.

## **VENUE AND JURISDICTION**

10. This Court has personal jurisdiction over Defendants Enerco, Mr. Heater, Tractor Supply, AmeriGas, and Wal-Mart pursuant to Virginia's Long-Arm Statute, Va. Code §§ 8.01-328.1(1), (3), and (5).

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Virginia, and each of the defendants are not citizens of Virginia. Additionally, the amount in controversy exceeds the sum value of $75,000.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this Court's judicial district and division, as is set forth below.

13. Defendants Enerco and Mr. Heater purposefully availed themselves of the privileges of conducting business activities in the Commonwealth such that this Court may exercise personal jurisdiction over them. Specifically, Defendants Enerco and Mr. Heater have profited and continued to profit from business in the Commonwealth through the marketing, sales, and distribution of products. Additionally, Defendants Enerco and Mr. Heater placed products, including the subject heater in this action, into the stream of commerce intending those products to be sold and purchased in substantial quantities in the Commonwealth directly and indirectly through other dealers and sellers.

14. Defendant Tractor Supply owned and operated retail businesses located at 42 Carmen Place, Ruckersville, Virginia 22968 and 2385 East Market Street, Harrisonburg, Virginia 22801 wherein it sold products and goods which are the subject of this action. Additionally, Tractor Supply owns and operates over seventy other retail stores throughout this Commonwealth.

15. Defendant AmeriGas itself, and through its subsidiary companies and agents, performs substantial business activity throughout the Commonwealth including the sale of products and goods and the performance of services. Among its business activities in the

Commonwealth of Virginia is the operation of a storefront located at 1631 Red Oak Street, Harrisonburg, Virginia 22802.

16. Defendant Wal-Mart operates retail stores throughout the Commonwealth including a retail store located at 135 Stoneridge Drive North, Ruckersville, Virginia 22968 wherein it sold products and goods which are the subject of this action.

17. Defendants are regularly conducting substantial business in the Commonwealth through marketing; sales; the distribution of products and services; and/or profiting from such activities, including the placement of products into the stream of commerce that they intend to be sold and purchased in substantial quantities in the Commonwealth directly and indirectly through other dealers and sellers.

**FACTUAL ALLEGATIONS**

A. **Heater Defendants**

18. Defendants Enerco, Mr. Heater, and Tractor Supply (together, the "Heater Defendants") are the manufacturers, wholesalers, distributors, and/or retailors of the Mr. Heater 30,000 BTU Vent Free Blue Flame Propane Heater.

19. Defendants Enerco and Mr. Heater are jointly designers and manufacturers of consumer heating products, including model number F299730, the 30,000 BTU Vent Free Blue Flame Propane Heater (hereinafter "the Subject Model Heater").

20. Defendants Enerco and Mr. Heater promised, advertised, and guaranteed to consumers, including Plaintiff, that the Subject Model Heater was equipped with safety features rendering it safe for indoor use.

21. These features included, but were not limited to, a "low oxygen safety shut-off" or "Oxygen Detection Sensor" ("ODS") which Defendants Enerco and Mr. Heater expressly claimed

Page 4 of 15

would automatically shut off the heater—including the flow of gas—in the event of insufficient oxygen or fresh air.

22. Defendants Enerco and Mr. Heater further warranted that the heater incorporated additional safety mechanisms and designs to prevent the dangerous and continuous emission of flammable gas.

23. Defendants Enerco and Mr. Heater expressly and impliedly promised, advertised, and guaranteed to customers, including Plaintiff, that "with a factory standard Oxygen Depletion Sensor (ODS), rest assured this heater will provide you with years of comfortable and safe heat."

24. At least on or before September 24, 2020, Defendant Tractor Supply became a seller/retailer/distributor of Enerco and Mr. Heater residential heating products, including but not limited to, the Subject Model Heater.

25. Defendant Tractor Supply promised, advertised, and guaranteed to customers, including Plaintiff, that they would "enjoy the fireside with a calm mind, knowing the heater's oxygen depletion sensor will keep you safe while keeping you warm."

## B. **Propane Defendants**

26. Defendants AmeriGas, Wal-Mart, and Tractor Supply (together, the "Propane Defendants") are the manufacturers, wholesalers, distributors, retailors, and services of propane tanks.

27. Defendant AmeriGas is a propane distributor that partners with local retailers, such gas stations, hardware stores, and convenience stores, to provide propane purchase, exchange, and refill services; including, at select locations, 24/7 self-serve propane kiosks.

28. Defendant Wal-Mart was and is a retailer/seller of propane, including, but not limited to, Defendant AmeriGas' propane.

29. Defendant Wal-Mart owned and operated the Ruckersville Wal-Mart Superstore, store number 4638, located at 135 Stoneridge Drive North, Ruckersville, Virginia 22968.

30. Defendant Tractor Supply was and is a retailer/seller of propane, including, but not limited to, Defendant AmeriGas' propane.

31. Defendant Tractor Supply owned and operated Tractor Supply Co. retail store number 696, located at 2385 Market Steet, Harrisonburg, Virginia 22801.

C.  **Plaintiff Jonathan M. Morris' Incident and Defendants' Defective Products**

32. Plaintiff purchased a Subject Model Heater (hereinafter "the Subject Heater") in person on September 24, 2020, from Defendant Tractor Supply Co.'s retail store number 1922, located at 42 Carmen Place, Ruckersville, Virginia 22968.

33. Some time prior to November 3, 2023, Plaintiff purchased an external regulator and an AmeriGas propane tank ("Subject Propane Tank") from Defendants Wal-Mart and/or Tractor Supply.

34. Some time prior to November 3, 2023, Plaintiff serviced the Subject Propane Tank with Defendant AmeriGas.

35. After purchasing the component parts of the space heater including the external regulator, Subject Propane Tank, and Subject Heater, Plaintiff properly installed the Subject Heater and its component parts for use.

36. At or around 8:00 a.m. on November 3, 2023, Plaintiff awoke and observed the Subject Heater was no longer emitting heat or displaying a flame.

37. At the same time and place, there was no observable odor of propane.

38. However, unbeknownst to Plaintiff, propane gas had continued to flow into the Subject Heater and exited the Subject Heater thereby accumulating inside the mobile home.

39. Plaintiff approached the Subject Heater, on a cold evening, and foreseeably attempted to reignite the Subject Heater using the pilot on the Subject Heater.

40. At this moment, the pilot light ignited the accumulated propane and exploded, resulting in severe burns and other injuries to Plaintiff's face, arms, legs, feet, back, and hands.

41. Enough propane accumulated in the mobile home that a fireball was created inside the mobile home.

42. Plaintiff was caused to sustain serious injuries as the result of the unreasonably dangerous and unsafe condition of the Subject Heater and Subject Propane Tank proximately caused the explosion.

43. Defendants directly and proximately caused severe and permanent personal injuries to Plaintiff, including, but not limited to, serve burns to his face, arms, legs, feet, back, and hands, as well as other physical and emotional injuries.

## CAUSES OF ACTION

### COUNT I | BREACH OF IMPLIED WARRANTIES
**(Against Enerco Group, Inc., Mr. Heater, Inc., Tractor Supply Company)**

44. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the proceeding and succeeding paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

45. Defendants Enerco and Mr. Heater designed and manufactured the heater.

46. Defendant Tractor Supply Co. was a seller/retailer/distributor of the heater.

47. The Heater Defendants impliedly warranted that the heater was of merchantable quality, fit and safe for ordinary and foreseeable use.

48. The Heater Defendants impliedly warranted that the heater was fit for indoor use and equipped with adequate safety features designed to "keep you safe while keeping you warm," including, but not limited to, the ODS system.

49. The heater was unreasonably dangerous for its reasonably foreseeable use, and despite knowing the risks associated with propane gas prior to the incident, the Heater Defendants failed to adequately alert users to the heaters unreasonably dangerous condition, including but not limited to, the heaters failure to stop the flow of highly flammable propane gas.

50. The heater did not conform to the implied warranties made by the Heater Defendants.

51. As a direct and proximate result of the breach of the implied warranties made by the Heater Defendants, Plaintiff sustained serious and permanent injuries.

52. Virginia substantive law applies to this count pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

**COUNT II | BREACH OF EXPRESS WARRANTIES**
**(Against Enerco Group, Inc., Mr. Heater, Inc., and Tractor Supply Company)**

53. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the proceeding and succeeding paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

54. The Heater Defendants made the foregoing express warranties relating to the safety of the heater.

55. Heater Defendants expressly warrantied, promised, guaranteed, described, advertised, represented, and affirmed that the heater was of merchantable quality, fit and safe for its intended and ordinary use and for the general, particular, and foreseeable use and purposes; and that the unit had functional safety systems including, but not limited to, the ODS

system which the Heater Defendants promised, guaranteed, described, represented, and affirmed would shut off the unit—including the gas—if there was not enough available oxygen for safe use.

56. The heater did not conform to the Heater Defendants' express warranties that became part of the basis of the bargain and induced Plaintiff into purchasing the heater.

57. The heater did not conform to the Heater Defendants' warranties, promises, guarantees, descriptions, advertisements, representations, and affirmations of fact when it exploded, causing Plaintiff serious and permanent injuries.

58. As a direct and proximate result of the Heater Defendants' breach of their express warranties, Plaintiff sustained serious and permanent injuries.

59. Virginia substantive law applies to this count pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

## COUNT III | NEGLIGENCE
### (Against Enerco Group, Inc., Mr. Heater, Inc., and Tractor Supply Company)

60. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the proceeding and succeeding paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

61. The Heater Defendants were engaged in the designing, manufacturing, producing, assembling, testing, inspecting, advertising, selling, vending, distributing, shipping, introducing into interstate commerce, transporting in interstate commerce, and/or recommending for use to the public, the heater.

62. The Heater Defendants owed duties of care to actual and potential customers and consumers, including Plaintiff, with respect to the heater, including duties to use reasonable

care in designing, manufacturing, assembling, testing, maintaining, selling, marketing, distributing, and promoting about the heater so as not to cause Plaintiff injury.

63. The Heater Defendants had a duty to warn of the hazards associated with the heater and were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about the heater. However, the Heater Defendants elected not to do so.

64. The Heater Defendants negligently breached its duty of care when they designed, manufactured, assembled, tested, inspect, maintained, sold, marketed, distributed, and promoted the heater as to render it unfit and unreasonably dangerous for its intended, ordinary, and foreseeable use.

65. The Heater Defendants as dealers and sellers of the Subject Heater had a duty to make inspections or tests that were reasonably necessary to see that the Subject Heater was safe for its intended purpose, and for any other reasonably foreseeable purpose.

66. The Heater Defendants negligently failed to perform adequate, reasonable inspections and tests of the heater before it delivered the heaters for use to the public including the use of the Subject Heater by the Plaintiff.

67. The heater was unreasonably dangerous for its intended, ordinary, and foreseeable use.

68. As a direct and proximate result of the Heater Defendants' negligence, Plaintiff suffered severe and permanent injuries.

69. The Heater Defendants knew or should have known that a negligently designed, manufactured, assembled, and sold heater, that was unfit, unsafe, or unreasonably dangerous for its intended, ordinary, and foreseeable use, could cause injury.

70. The Heater Defendants were in exclusive control of the heater.

71. In the ordinary course of events, if the Heater Defendants had used proper and reasonable care, the heater would not have continuously leaked propane gas, exploded, or otherwise broken to cause Plaintiff's injuries.

72. Reasonable consumers would expect the heater to not continuously leak propane gas, explode, or otherwise break causing them severe injury.

73. Virginia substantive law applies to this count pursuant to <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938).

### COUNT IV | BREACH OF IMPLIED WARRANTIES
**(Against Tractor Supply Company, AmeriGas Propane, Inc., Wal-Mart Stores East, LP)**

74. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the proceeding and succeeding paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

75. The Propane Defendants impliedly warranted that the propane was of merchantable quality, fit and safe for its intended and ordinary use, and for the general, particular, and foreseeable use.

76. The Propane Defendants knew or had reason to know that the propane would be used for its intended and ordinary use, and for the general, particular, and foreseeable use.

77. The propane was unreasonably dangerous for its intended and ordinary use, and for the general, particular, and foreseeable use.

78. Despite knowing of the risks associated with propane gas prior to the incident, the Propane Defendants failed to adequately alert users to the propane's unreasonably dangerous condition.

79. The propane did not conform to the implied warranties made by the Propane Defendants.

80. As a direct and proximate result of the breach of the implied warranties by the Propane Defendants, Plaintiff sustained serious and permanent injuries.

81. Virginia substantive law applies to this count pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

**COUNT V | BREACH OF EXPRESS WARRANTIES**
**(Against Tractor Supply Company, AmeriGas Propane, Inc., Wal-Mart Stores East, LP)**

82. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the proceeding and succeeding paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

83. The Propane Defendants expressly warrantied, promised, guaranteed, described, advertised, represented, and affirmed that the propane was of merchantable quality, fit and safe for its intended and ordinary use and for the general, particular, and foreseeable use and purposes.

84. The Propane Defendants knew or should have that the product was unreasonably dangerous due to its dangerous and defective design, manufacture, construction, assembly, and/or improper and inadequate warnings, advisories, safeguards, and instructions setting forth the hazards and dangers associated with the ordinary and foreseeable use of the propane.

85. The propane did not conform to the Propane Defendants' express warranties that became part of the basis of the bargain and induced Plaintiff into purchasing the propane.

86. As a direct and proximate result of the Propane Defendants' breach of express warranties, Plaintiff sustained serious and permanent injuries.

87. Virginia substantive law applies to this count pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

## COUNT VI | NEGLIGENCE
### (Against Tractor Supply Company, AmeriGas Propane, Inc., Wal-Mart Stores East, LP)

88. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the proceeding and succeeding paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

89. The Propane Defendants were engaged in the assembling, testing, inspecting, advertising, selling, vending, distributing, shipping, introducing into interstate commerce, transporting in interstate commerce, and/or recommending for use to the general public, the propane.

90. The Propane Defendants owed duties of care to actual and potential customers and consumers with respect to the propane (including Plaintiff), including duties to use reasonable care in assembling, testing, maintaining, selling, marketing, distributing, and promoting about the propane so as not to cause Plaintiff injury.

91. Defendants negligently breached its duty of care when they assembled, tested, inspected, maintained, sold, marketed, distributed, and promoted the propane as to render it unreasonably dangerous for its intended, ordinary, particular, and foreseeable use.

92. The Propane Defendants as dealers and sellers of the propane tank had a duty to make inspections or tests that were reasonably necessary to see that it was safe for its intended purpose, and for any other reasonably foreseeable purpose.

93. The Propane Defendants negligently failed to perform adequate, reasonable inspections and tests of the propane tank before it delivered it for use to the public including the use of the Subject Propane Tank by the Plaintiff.

94. The propane was unreasonably dangerous for its intended, ordinary, particular, and foreseeable use.

95. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent injury.

96. Defendants knew or should have known that negligently assembled, tested, inspected, maintained, and sold propane, that was unsafe for its intended, ordinary, particular, and foreseeable use, could cause injury.

97. In the ordinary course of events, the propane would not have been odorless, continued to flow, ignited, or otherwise exhibited a defect capable of causing Plaintiff's injury had Defendants exercised proper and reasonable care.

98. Reasonable consumers would expect that the propane contain a detectable odorant, not continue to flow uncontrollably, not ignite unexpectedly, and otherwise not possess defects likely to result in serious injury.

99. Virginia substantive law applies to this count pursuant to <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938).

## DAMAGES

100. As a direct and proximate result of Defendants' negligence, and each of them, Plaintiff suffered damages in the form of:

    i.  Past, present, and future bodily injuries;

    ii.  Past, present, and future physical pain;

    iii.  Past, present, and future mental anguish;

    iv.  Past, present, and future medical expenses;

    v.  Past, present, and future inconvenience;

    vi.  Past, present, and future lost earnings or lessening of earning capacity; and

vii.  Past, present, and future disfigurement or deformity and associated

humiliation or embarrassment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief against Defendants Enerco Group,

Inc., Mr. Heater, Inc., Tractor Supply Company, AmeriGas Propane, Inc., and Wal-Mart Stores

East, LP, jointly and severally, in the sum to be determined by the fact-finder for compensatory

damages, the cost of this action, pre-judgment interest from the earliest occurrence giving rise to

this action, post-judgment interest from the time of verdict or judgment, and for such other relief

this Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**PURSUANT TO FED. R. CIV. P. 38.**

Respectfully yours,
**JONATHAN M. MORRIS,**

Dated: September 23, 2025          _____/s/ Kevin Biniazan_____
**Kevin Biniazan**
Virginia Bar Number: 92109
**Lauren A. Martin**
Virginia Bar Number: 93653
Attorneys for Plaintiff
BREIT BINIAZAN, PC
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Telephone: (757) 622-6000
Email: kevin@bbtrial.com
Email: lmartin@bbtrial.com