```
                                    CLERKS OFFICE U.S. DIST. COURT
                                        AT CHARLOTTESVILLE, VA
                                                FILED
                                          December 23, 2025
                                      LAURA A. AUSTIN, CLERK
                                      BY:  s/ D. AUDIA
                                             DEPUTY CLERK
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| Jonathan M. Morris, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:25-cv-00100 |
| Enerco Group, Inc. *et al.*, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Katelyn D. Welton, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:25-cv-00101 |
| Enerco Group, Inc. *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiffs Jonathan M. Morris and Katelyn D. Welton's motions opposing trial consolidation in the above-captioned cases. (Dkt. 38, Case No. 5:25-cv-00100; Dkt. 37, Case No. 5:25-cv-00101.) For the following reasons, the court will deny the motions. The court will consolidate Case No. 5:25-cv-00100 and Case No. 5:25-cv-00101 for all purposes, including trial.

## I.  Background

On September 23, 2025, Plaintiffs filed the instant actions. (Dkt. 1, Case No. 5:25-cv-00100; Dkt. 1, Case No. 5:25-cv-00101.) Plaintiffs, who are husband and wife, allege that they sustained injuries when a defective propane heater exploded in their shared mobile home. (Am. Compl. (Dkt. 33) ¶¶ 35–46, Case No. 5:25-cv-00100; Am. Compl. (Dkt. 33) ¶¶ 35–46, Case No. 5:25-cv-00101.) Plaintiffs bring the same six counts against the same defendants, based on identical product liability and warranty theories. (Am. Compl. ¶¶ 47–102, Case No. 5:25-cv-00100; Am. Compl. ¶¶ 47–102, Case No. 5:25-cv-00101.) The Plaintiffs also allege the same bases for damages. (Am. Compl. ¶ 103, Case No. 5:25-cv-00100; Am. Compl. ¶ 103, Case No. 5:25-cv-00101.) In sum, Plaintiffs' complaints are identical in nearly every way.

On November 7, 2025, this court indicated that it was inclined to consolidate Case Nos. 5:25-cv-00100 and 5:25-cv-00101, as the cases involved common questions of law and fact. (Dkt. 27, Case No. 5:25-cv-00100; Dkt. 27, Case No. 5:25-cv-00101.) The court directed any party opposing consolidation to file objections. (*Id.*)

On November 21, 2025, Plaintiffs filed the present motions. (Dkt. 38, Case No. 5:25-cv-00100; Dkt. 37, Case No. 5:25-cv-00101.) In them, Plaintiffs support consolidation for all pretrial purposes but argue that the court "should decline to exercise its power to consolidate the matters for trial." (Dkt. 38 at 3, Case No. 5:25-cv-00100; Dkt. 37 at 3, Case No. 5:25-cv-00101.) Defendants jointly replied, contending that consolidation for trial purposes is warranted under Federal Rule of Civil Procedure 42(a). (Dkt. 47, Case No. 5:25-cv-00100; Dkt. 45, Case No. 5:25-cv-00101.)

## II. Standard of Review

Courts may consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). If the cases meet that "threshold requirement," consolidation "becomes an issue of judicial discretion." *U.S. ex rel. Sprinkle Masonry, Inc. v. THR Enters., Inc.*, No. 2:14-cv-251, 2014 WL 4748527, at *2 (E.D. Va. Sept. 23, 2014) (cleaned up). Consolidation "does not merge suits; it is a mere matter of convenience in administration, to keep them in step. They remain as independent as before." *Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) (ellipsis omitted) (quoting *Hall v. Hall*, 584 U.S. 59, 70 (2018)).

In applying Rule 42(a), courts determine whether the risk of prejudice and confusion resulting from consolidation is outweighed "by the risk of inconsistent adjudications, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (ellipsis omitted) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)). As a general matter, "judicial economy favors consolidation." *Manganaro MidAtlantic, LLC v. KBE Bldg. Corp.*, No. 3:19-cv-80, 2020 WL 5209535, at *2 (W.D. Va. Sept. 1, 2020) (cleaned up).

## III. Analysis

There can be no doubt that Rule 42(a) allows—but does not require—this court to consolidate these cases for all purposes, including trial. (Dkt. 38 at 2, 4, Case No. 5:25-cv-00100; Dkt. 37 at 2, 4, Case No. 5:25-cv-00101.) Still, Plaintiffs argue consolidation for trial is inappropriate for two main reasons. First, Plaintiffs argue that Morris and Welton suffered

different injuries, and "the jury could be unnecessarily anchored to the lesser of the two damages." (Dkt. 38 at 5, Case No. 5:25-cv-00100; Dkt. 37 at 5, Case No. 5:25-cv-00101.) Second, Plaintiffs contend that if a jury found either Morris or Welton contributorily negligent, such a finding might "expose the other party to prejudice by association." (Dkt. 38 at 5 n.4, Case No. 5:25-cv-00100; Dkt. 37 at 5 n.4, Case No. 5:25-cv-00101.)

Despite these objections, the court finds that consolidation for trial is appropriate. Both of Plaintiffs' claims arise out of a single incident involving the same underlying questions of law and fact. *See Kelley v. U.S.*, 580 F. Supp. 2d 490, 494 (E.D. Va. 2008) (granting the motion to consolidate a loss of consortium claim brought by both the husband and wife and a personal injury claim brought by the wife in two separate cases, because both claims stem from the same plane crash). The concerns regarding prejudice and possible jury confusion are purely speculative. "The mere fact that a jury would have to hear testimony regarding different particular injuries does not necessarily mean that the jury will be confused as to each injury." *Davenport v. Goodyear Dunlop Tires N. Am., Ltd.*, No. 1:15-cv-3751, 2016 WL 6216200, at *2 (D.S.C. Oct. 25, 2016). The same is true of any potential findings of contributory negligence.

Even if risks of prejudice present themselves, pertinent jury instructions will alleviate them. *See Durham v. S Ry. Co.,* 254 F. Supp. 813, 815–16 (W.D. Va. 1996) (finding that "proper instructions" to the jury will help them "understand the different considerations involved" when resolving different claims "so that no prejudice will result"). If this case were to go to trial, the jury instructions will plainly delineate each plaintiff's burden and remind the jury that they must treat each plaintiff's claims "as if each have been tried by itself." *Campbell*, 882 F.3d at 75; *see also, e.g.*, *Vicky M. v. Ne. Educ. Intermediate Unit*, No. 3:06-cv-1898, 2010 WL 481244,

at *2 (M.D. Pa. Feb. 4, 2010) (finding "that any risk of prejudice in hearing evidence on liability and damages together may be cured with appropriate jury instructions"). Moreover, "counsel can make clear through their arguments at trial the burdens which are placed upon each Plaintiff to prove their own cases." *Id.* at *1.

Nor is consolidation "premature" as Plaintiffs contend. (Dkt. 38 at 3, Case No. 5:25-cv-00100; Dkt. 37 at 3, Case No. 5:25-cv-00101.) It is difficult to envision future factual development that would alter the court's analysis here. But if discovery does reveal a more significant risk of prejudice, the Plaintiffs may later move for severance. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

### IV.    Conclusion

For the foregoing reasons, the court will order that Case No. 5:25-cv-00100 be consolidated with Case No. 5:25-cv-00101 for purposes of discovery and trial pursuant to Federal Rule of Civil Procedure 42(a). Case No. 5:25-cv-00100 will be designated as the lead case.

An appropriate Order will issue.

**ENTERED** this 23rd day of December, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE